UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANATOL ZUKERMAN, <br><br> and <br><br> CHARLES KRAUSE REPORTING, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES POSTAL SERVICE, <br><br> Defendant. | Case No. 15-cv-2131 (CRC) |

## MEMORANDUM OPINION

Earlier this fall, the Court issued a Memorandum Opinion finding that defendant United States Postal Service ("USPS") violated the First Amendment when one of its vendors rejected plaintiff Anatol Zukerman's customized postage stamp design based on its political content while approving other designs that were equally political.  See Zukerman v. U.S. Postal Serv., No. 15-CV-2131 (CRC), 2021 WL 4355426 (D.D.C. Sept. 24, 2021).  The Court ruled that the vendor's actions constituted impermissible viewpoint discrimination, which was attributable to USPS because the vendor "was performing a role traditionally and exclusively reserved for the state when it determined what content could be displayed on U.S. postage."  See id. at *8; id. at *7–11.  At that time, however, the Court did not issue an order to remedy the violation.  Instead, it informed the parties what remedial actions it would not take and suggested a few that it might be prepared to adopt depending on their views.

One of the measures the Court rejected was the main remedy proposed in Zukerman's briefing:  an injunction requiring USPS to print his stamp design featuring a negative critique of the Supreme Court's Citizens United decision.  The Court offered a host of reasons why that

relief was not warranted under the circumstances. First, USPS had shuttered its customized postage program and severed contractual ties with the program's vendors, which raised legitimate questions concerning whether USPS retained the legal authority to print the design. Second, USPS's termination of the program—its closure of the forum, in First Amendment parlance—virtually eliminated the likelihood of any future violation. Third, ordering the stamp to be printed could well open the door to similar requests for relief by others whose stamp designs were rejected on political-content grounds, further entangling USPS in political speech. Fourth, USPS was less responsible for the First Amendment violation than its vendor, which had authorized a handful of politically oriented designs in contravention of USPS guidelines. And fifth, the number of political designs that the vendor approved (several of which were ordered by Mr. Zukerman's counsel in this litigation) was infinitesimal relative to the number of design submissions that the vender reviewed in the course of USPS's longstanding customized postage program. All this counseled in favor of a more modest remedy.

Among the alternatives the Court suggested was an injunction requiring USPS to post a link to the Court's ruling on its website, along with Zukerman's <u>Citizens United</u> design, for a designated period of time. The Court also raised the possibility of awarding declaratory relief (which Zukerman had specifically requested in his complaint) and nominal damages. The Court invited the parties to submit supplemental briefs and proposed remedial orders reflecting their views on appropriate remedies, taking into account the Court's ruling. The Court has now received the requested materials.

For his part, Mr. Zukerman has chosen to stick to his guns, insisting that the only proper remedy is to order USPS to print his stamp design on valid U.S. postage. <u>See</u> Pls. Proposed Order, ECF No. 103-1 (including no other remedy than that USPS "print, contract with a vendor

to print, or otherwise enable [plaintiffs] to print their *Citizens United* design"). In advocating for that position—and thus asking the Court to reevaluate its decision not to issue such an order—Zukerman relies heavily on the "complete relief principle." See Pls. Supp. Remedy Br. at 2, ECF No. 103.

This argument misses the mark. The principle derives from Califano v. Yamasaki, 442 U.S. 682, 702 (1979), where the Supreme Court noted "the rule that injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." But the Court made that reference in the context of assessing the issuance of a nationwide injunction against a defendant. See id. at 702–03. Accordingly, this principle generally "speaks to the protections a defendant can invoke against a geographically overbroad injunction." See Zayn Siddique, Nationwide Injunctions, 117 Colum. L. Rev. 2095, 2104 (2017) (explaining this principle as a "call for injunctive restraint") (cited in Pls. Supp. Remedy Br. at 2); see also, e.g., Meinhold v. U.S. Dep't of Def., 34 F.3d 1469, 1480 (9th Cir. 1994) (citing the Califano principle in support of a narrower injunction). Zukerman's invocation of this general principle is not responsive to the case-specific equitable concerns the Court expressed in its prior ruling about requiring USPS to print Zukerman's design. See Zukerman, 2021 WL 4355426, at *12–13.

Zukerman's current argument is also at odds with his prior recognition that "Courts must often fashion bespoke solutions to cure First Amendment harms," Pls. Opp'n at 27, ECF No. 87, and that "there are many other reasonable remedies" available in this case. Id. at 25. He had it right then. As the D.C. Circuit explained in this case, the workability of relief is a matter left "to the exercise . . . of judicial power." Zukerman v. U.S. Postal Serv., 961 F.3d 431, 444 (D.C. Cir. 2020). In wielding that power, courts are "required to tailor 'the scope of the remedy' to fit 'the nature and extent of the constitutional violation.'" Dayton Bd. of Educ. v. Brinkman, 433 U.S.

406, 420 (1977).  Sometimes only a "partial remedy" is appropriate.  See Church of Scientology of Cal. v. United States, 506 U.S. 9, 13 (1992).

The Court determined that the nature and extent of the violation here did not support an order requiring USPS to print Zukerman's stamp design, given the considerations laid out in its prior ruling and summarized above.  Although these factors do not lessen the value of Zukerman's speech or the harm to his First Amendment rights, they do call for a tailored—or, in Zukerman's words, "bespoke"—remedy.

As for the Court's suggestion of alternative remedies, Zukerman has now disavowed any measure other than printing his design.  First, while acknowledging that posting the Court's ruling and his design on a website is "intuitively appealing" and would result in the "design [being] easily and widely disseminated," he maintains this option "would not actually remedy [his] injury."  Pls. Supp. Remedy Br. at 6–7.  Second, Zukerman claims that declaratory relief, despite being specifically requested in the complaint, is outside the Court's jurisdiction in the absence of other remedies.  See id. at 8–9.  Third, although he relied on a case holding that nominal damages can provide relief for First Amendment injuries, Pls. Supp. Br. at 4, ECF No. 99 (quoting Uzuegbunam v. Preczewski, 141 S. Ct. 792, 802 (2021)), both Zukerman and USPS now agree that nominal damages are unavailable here.  Pls. Supp. Remedy Br. at 8; Def. Supp. Remedy Br. at 7–8, ECF No. 104.  Lastly, Zukerman rejects an order "establishing an 'administrative process for the voluntary exchange of customized postage,'" Pls. Supp. Remedy Br. at 7–8, as does USPS, even though both sides had previously expressed at least some common ground on this remedy.  See Zukerman, 2021 WL 4355426, at *14; see also Zukerman, 961 F.3d at 444 (suggesting an order for USPS "to make reasonable efforts" to remove certain postage from circulation).

Given Zukerman's rejection of alternative remedies, and considering the relief originally requested in his complaints, Am. Compl. at 17; Supp. Compl. at 5, ECF No. 52, the Court will enter a declaratory judgment only. "The availability of declaratory relief depends on whether there is a live dispute between the parties." Powell v. McCormack, 395 U.S. 486, 517–18 (1969). There is here. "[A]nd a request for declaratory relief may be considered independently of whether other forms of relief are appropriate." Id. (noting the district court "could have issued" declaratory relief regardless of "the appropriateness of coercive relief"). Indeed, "a declaratory judgment is a milder remedy which is frequently available in situations where an injunction is unavailable or inappropriate." Ulstein Maritime, Ltd. v. United States, 833 F.2d 1052, 1055 (1st Cir. 1987). Here, Zukerman has rejected any alternative injunction beyond printing his stamp, which the Court finds unwarranted, so the Court will grant only the relief that he originally requested in his complaints. See Am. Compl. at 17, ¶ (a.); Supp. Compl. at 5, ¶ (a.)

On that score, developments over the last six years have resulted in Zukerman obtaining nearly everything he originally sought in this case. His complaint targeted "viewpoint discriminatory conduct" occurring within the "customized stamp program," and he sought to enjoin regulations and speech restrictions as "applie[d] to" or "with respect to" that program. See Am. Compl. at 17, ¶¶ (b.), (e.); Supp. Compl. at 5, ¶¶ (b.), (c.). That goal has been largely achieved; the program, its regulations, its vendors, and any accompanying speech restrictions and viewpoint discriminatory conduct are no more. All that is left (apart from attorneys' fees) is Zukerman's request for declaratory relief.[1]

---

[1] Zukerman did refer to printing his design as part of one of the requests for relief in his complaints: "Ordering USPS not to permit [its vendor] to make and sell U.S. custom postage stamps unless and until it agrees to print . . . the *Citizens United* Stamp." Am. Compl. at 17, ¶ (d.). But that prayer for relief does not seek an order to print the stamp. Rather, it requests an

The primary (and now singular) focus on printing the stamp comes not from the complaint, but from recent briefing. Zukerman was well within his rights to introduce that requested remedy in order to save the case from being moot. See Ctr. for Food Safety v. Salazar, 900 F. Supp. 2d 1, 5–6 (D.D.C. 2012) ("[T]he [mootness] question is not whether the precise relief sought" in the complaint "is still available," but whether "there can be any effective relief," which "is expansively defined"). But so too was the Court within its authority to decline the request in exercising its "broad discretion in shaping remedies." See id. at 6. Rather, the Court finds it appropriate to return to what is left of Zukerman's original prayer for relief. And declaratory relief, combined with the closure of the customized postage program forum, provides him with virtually everything he sought when he filed this action six years ago.

Accordingly, the Court will enter an Order granting summary judgment for Plaintiffs and declaring that USPS is liable for viewpoint discrimination in violation of the First Amendment. The Order will follow separately.

CHRISTOPHER R. COOPER<br>
United States District Judge

Date: November 15, 2021

---

order enjoining the customized stamp program unless USPS voluntarily agreed to print the stamp. USPS's termination of the program on its own eliminated the need for it to print the stamp to avoid the requested order. The relief sought has therefore been achieved.